UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN ALLAN BAKER,<br><br>Petitioner,<br><br>v.<br><br>CLARK DUCART,<br><br>Respondent. | No. 2:17-cv-01812-GEB-GGH<br><br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATION |

Petitioner is proceeding in this habeas corpus action in pro se. When petitioner filed his petition, respondent was named only as "Unknown." ECF No. 1. On September 5, 2017 the court in granting the petitioner's IFP motion also directed him to file a request to interlineate the name of the Warden at his place of incarceration in place of the respondent then stated to be "Unknown," and also directed the respondent to file a response to the petition within 60 days of the Order. ECF No. 5. On October 24, 2017, after having previously filed a declination to proceeded before a Magistrate Judge, ECR No. 9, respondent filed a Motion to Vacate the briefing schedule set in ECF No. 5, and to vacate the reassignment, on the ground that since petitioner had never named the person serving as his custodian as the court had ordered in ECF No. 5, the respondent has no client to represent and the court has jurisdiction over the case, *citing* Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

Respondent is correct that the Ninth Circuit did, indeed, find that failure to name the

1

actual custodian as respondent in a habeas petition rendered the district court without jurisdiction to proceed, but it remanded the matter to the district court with instructions that petitioner be given another opportunity to correct the omission. In the other cited case, <u>Brittingham v. United States</u>, 982 F.2nd 378, 379 (9th Cir. 1992), petitioner appears to have been attempting to maintain his suit in the District of Hawaii since he had yet to be assigned to a permanent place of confinement. Further, in both cases petitioners were represented by counsel whereas in the instant case petitioner is acting in pro se.

On the same day that respondent file its motion, but before it had been directed to the magistrate judge for review, the court filed an order directing that the caption on the petition be changed to show the name of the warden at petitioner's place of incarceration as respondent. The court has so acted before to avoid having needless procedural actions taken involving both parties. Indeed, in many cases, respondent's attorney has simply changed the identity of respondent to its correct designation, and footnoted the change in a substantive motion.

Petitioner is advised, however, that compliance with court directives is not optional. The undersigned is unaware why petitioner did not respond to the order, but will not take further action this one time. Petitioner is further advised that failure to follow the orders of this court may result in a dismissal of the petition.

For the foregoing reasons the respondent's Motion to Dismiss should be denied as moot, and the petition will proceed under the new caption reflecting Clark Ducart as respondent. If for some reason this identification is not correct, respondent shall change it in the next pleading or motion filed.

Respondent also moved to withdraw the "reassignment," ostensibly to the district judge, effected by ECF No. 9. The docket, ECF No. 9, shows a rejection by respondent's counsel of the consent to the magistrate judge as presider option, and immediately after, the Clerk assigned the case to the Honorable Garland Burrell as presider. ECF No. 10. The motion to vacate the reassignment is denied as unnecessary.

It is therefore ORDERED that: the motion to withdraw the "reassignment" is denied as unnecessary; and that a response to the petition be filed by respondent within 45 days of the filed

date of *this* order in the event that the Findings and Recommendation are adopted;

It is RECOMMENDED that the Motion to Dismiss be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within *fourteen* days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within *seven* days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 31, 2017

<u>/s/ Gregory G. Hollows</u>
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE